## Sarah S. Soper v. John W. Soper.

*Divorce: Violence: Quarrel: Cruelty.* Violence committed during a quarrel, in which the husband suffers as much as the wife, is not such cruelty as will sustain a divorce against him.

29 MICH.—89.

*Divorce : Adultery : Testimony : Circumstantial evidence : Impressions : Crimi-
    nality.* Adultery should be proved by evidence and not by scandal; and where
    testimony is given of actions which the witnesses interpret as criminal, the fact
    that they did not treat them as suspicious or criminal until long after their
    occurrence, when they had no further reasons for doing so, is strong proof that
    their later impressions are unfounded, and that they did not believe at the time
    what they have since persuaded themselves they believed.

*Impressions : Contemporaneous conduct : Subsequent suspicions.* The contempora-
    neous conduct of parties is better evidence of their belief than their subsequent
    suspicions.

*Divorce : Proofs: Gossip : Costs.* Where a wife sued for a divorce against her
    husband for adultery, as well as cruelty, and the record was chiefly made up of
    discreditable and malicious gossip, having no value as evidence, she was, on
    appeal from the decree dismissing her bill, which was affirmed, left to pay her
    own costs.

*Submitted on briefs April 28. Decided May 5.*

Appeal in Chancery from Wayne Circuit.

*Henry M. Cheever,* for complainant.

*Ward & Palmer,* for defendant.

CAMPBELL, J.

The bill in this cause was filed to obtain a divorce on
the separate grounds of cruelty and adultery.

There was no proof of cruelty of any importance, beyond
the circumstances arising out of a quarrel, which, whoever
was in fault, resulted in as severe treatment of the husband
as of the wife. We do not think there was any thing
made out under this head.

The main portion of the proof was aimed at raising a
suspicion of adultery. A very large share of the proof is
of such a nature that there is no excuse for filling up the
record with it. Its only purpose must have been to excite
prejudice, or to create vexation. It is a very bad quality
of low village gossip, which proves nothing but the bad
taste or malice of the people who indulged in it, and indi-
cates the recklessness and readiness with which idle persons
adopt and circulate indecent stories.

The proof on the facts charged is of very little signifi-
cance, and when compared with the dates in the record,

becomes still less worthy of reliance for purposes of judicial action. The only charges of misconduct with the person named as the guilty accomplice of the defendant, are laid in the fall of 1872, about the time when the parties separated. There is reason to believe that they would have come together again but from an unwillingness in the wife to go to another part of the state, where she was less acquainted. And there is no proof in any way tending to show that defendant committed such misconduct, or was found under circumstances which might lead to an inference of it, at or near that time. The only evidence of interviews from which suspicion seems to have arisen dated back from one to three years previously. Those interviews were consistent with innocence, and the explanations given are not unreasonable. A guilty inference should not be resorted to without very convincing reasons. No one can read the testimony without seeing that, if the incompetent hearsay rumors were left out of the record, the remaining proofs would not justify the condemnation of the defendant if those instances had been contained in the charges. It is also manifest that these stories and rumors have, as usual, been magnified by repetition. There are witnesses in the case of reputable character and good standing whose conduct shows they could not have believed at that time, what they now suppose that they believed. The social standing and intercourse of the parties suspected was not changed, as it would have been by any belief in their guilt. This fact is always significant. And it becomes the more important, in view of the state of the pleadings. There is no reference, general or special, to any misconduct with the person named in the bill, at any time prior to October, 1872. It is shown beyond doubt that complainant was jealous of that person at least a year before, and that the rumors,—if the witnesses are at all reliable,—could not have been concealed from her then, and must have been well known when the bill was filed. The facts would have been admissible as specific charges, if there was a belief in their

guilty meaning.    But they have been omitted altogether, and are not within the issue.    If admissible for any purpose, it can only be to qualify or explain other charges, and no other charges are proved.

There is nothing which could justify the court in declaring the defendant guilty.    The court below was right in its decree, which must be affirmed.

It has not been a matter of course in these cases, to award costs to the husband when he prevails on his wife's appeal; and while there has been much testimony introduced on her behalf that should have been excluded, yet the case itself does not appear to have been commenced from any wrong motives, and we shall leave the parties to pay their own costs.

CHRISTIANCY and COOLEY, JJ., concurred.

GRAVES, CH. J., did not sit in this case.